KENNETH WILLIAM KOCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Koch v. Commissioner
Docket No. 2012-88
United States Tax Court
T.C. Memo 1990-85; 1990 Tax Ct. Memo LEXIS 85; 58 T.C.M. (CCH) 1466; T.C.M. (RIA) 90085; February 26, 1990
*85 Kenneth William Koch, pro se. Michael M. Bachmann, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to tax Year
Deficiency
sec. 6651(a)(1)
sec. 6653(a)
sec. 6653(a)(1)
sec. 6653(a)(2)
1980
$ 1,349
$  335
$  67
--
--
1981
1,667
417
--
$  83
*
1982
1,079
270
--
54
*
1983
2,199
550
--
110
*
1984
3,511
878
--
176
*
1985
3,755
989
--
188
*
Year
sec. 6654
1980
$  85
1981
129
1982
106
1983
134
1984
221
1985
217
After concessions by petitioner, the only issue is the amount of petitioner's income during the 1980, 1981, and 1982 taxable years. All section references are to the Internal Revenue Code of 1954 in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Some of the facts are stipulated *86 and are so found. These facts along with the attached exhibit are incorporated by this reference. Petitioner resided in La Crosse, Wisconsin when he filed his petition. Petitioner failed to file Federal income tax returns for the years 1980 through 1985. For the 1980 year, petitioner received Forms W-2 from Jackson County showing wages of $ 60 and from Johnson Engineering & Construction Company showing wages of $ 93.50. Petitioner received no Form W-2 for 1981. In April 1982, petitioner commenced work at Gateway Foods and for that year received a Form W-2 showing wages of $ 6,741.80. For the 1983, 1984, and 1985 years, petitioner received Forms W-2 from Gateway Foods showing wages of $ 16,417.82, $ 22,171.32, and $ 23,470.26, respectively. No taxes were withheld from petitioner's wages for any of the years 1982 through 1985 because he claimed on his Forms W-4 that he was exempt from income tax withholding. Petitioner claims he did not have a job during the period between January 1, 1980, and the time he went to work for Gateway Foods in April 1982. Respondent contends that petitioner was self-employed during this period but did not report any of his income. Accordingly, *87 using information from the Bureau of Labor Statistics for a single adult residing in La Crosse, Wisconsin, respondent has determined that petitioner had an income of $ 7,581 in 1980, $ 8,500 in 1981, and $ 2,268 during the first 4 months of 1982. Respondent used statistics for a family of four, then divided by four to arrive at the income figures. Respondent may use this method to determine a taxpayer's income when there is no information regarding the amount of such income. ; , affd. without published opinion . Respondent notes that petitioner applied for a job in February 1982, and stated on the application that from January 1980 to February 1982, he was self-employed in remodeling and construction. Petitioner's explanation for this apparent contradiction is that he had only a couple of small jobs during that time but filled out the application in this manner because it looked better. Respondent also argues that petitioner must have been employed during the period in question because otherwise he could not have supported *88 himself. Respondent notes that petitioner had assets of only $ 1,000 to $ 1,500 after he was divorced in 1979. These assets consisted of a car, furniture, and clothes. Petitioner had no savings in January 1980, and received unemployment compensation for only a few months in 1980. The only other funds petitioner acknowledges receiving between January 1980, and the time he went to work for Gateway Foods in April 1982, are $ 200 from small jobs and $ 80 from his brother. Petitioner says that during this period he lived with his parents and brother, who paid for most of his food. Petitioner claims that during this period he made no purchase of personal items such as clothes or toothpaste. The only personal purchase he acknowledges making was a pack of cigarettes each day. Respondent notes that petitioner had no taxes withheld from his income during 1982 through 1985 even though he clearly owed taxes for those years. Petitioner subsequently admitted he owed taxes during those years, but respondent argues he did so only because the Forms W-2 showed his income for those years. Respondent alleges that since there are no Forms W-2 for the period in issue, petitioner believes he can *89 successfully take the position that he had no income during that period. The burden of proof is on petitioner. Rule 142(a). He has not carried that burden. He claims to have lived with his brother and parents during the period in issue, yet he called no family members or friends to substantiate his version of events. It is well established that a party's failure to introduce evidence within his possession which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable. , affd. . Petitioner relied entirely upon his own testimony, yet because he was evasive on the stand we did not find his testimony trustworthy or believable. We do not have much confidence in the testimony of someone who under penalty of perjury dishonestly completed his Forms W-4 for the years 1982 through 1985. In addition, petitioner's claim that he had virtually no personal expenses during the years in issue is not credible. Accordingly, petitioner has not carried his burden of proof and is liable for the deficiencies determined *90 by respondent. Petitioner's brief does not challenge any of the additions to tax and, accordingly, those additions are considered to have been conceded. Decision will be entered for the respondent. Footnotes
*. 50 percent of the interest due on the deficiency.↩